IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVIN DANIEL LINDSEY,<br>   Petitioner,<br><br>   v.<br><br>DISTRICT ATTORNEY'S OFFICE<br>OF ERIE COUNTY; ERIE COUNTY<br>COURT OF COMMON PLEAS;<br>ERIE COUNTY EXECUTIVE/<br>COUNCIL; ERIE COUNTY REGIONAL<br>CONTRACT JAIL ALBION; INMATE<br>GENERAL WELFARE FUND; AND,<br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS,<br>   Respondents. | Civil Action No. 12-64 Erie<br><br>Senior District Judge Maurice B. Cohill<br>Magistrate Judge Susan Paradise Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

Petitioner, Irvin Daniel Lindsey, is a state prisoner currently incarcerated at the State Correctional Institution Albion ("SCI Albion"). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 7] in which he claims that his sentence was excessive. He seeks an order from this Court directing that he be released from custody and that he receive money damages. It is recommended that the petition be summarily dismissed because Petitioner is not raising a claim that is cognizable in habeas and because money damages are not available in habeas. It is further recommended that the Erie County Court of Common Pleas' motion to dismiss and strike [ECF No. 22] be granted.

1

## II. REPORT

Petitioner was arrested on February 9, 2002, and subsequently charged with various offenses by criminal information on or around April 17, 2002, in the Court of Common Pleas of Berks County at Criminal Docket No. 1414 of 2002. Specifically, he was charged with 17 counts, including three counts of Reckless Burning or Exploding (18 Pa. C.S. § 3301); two counts each of Burglary (18 Pa.C.S. § 3502), Criminal Trespass (18 Pa.C.S. § 3503), Risking Catastrophe (18 Pa.C.S. § 3303), Criminal Mischief (18 Pa.C.S. § 3304), Theft By Unlawful Taking (18 Pa.C.S. § 3921), and Receiving Stolen Property (18 Pa.C.S. § 3925); and one count each of Corruption of Minors (18 Pa.C.S. § 6301) and Recklessly Endangering Another Person (18 Pa.C.S. § 2705). [ECF No. 25, Ex. 1].

On September 18, 2002, Petitioner entered a guilty plea to several counts of the information, including Criminal Trespass, Criminal Mischief, Reckless Burning or Exploding, Theft by Unlawful Taking, Corruption of Minors and Recklessly Endangering Another Person. He was sentenced to a period of imprisonment at several of the counts; however, in lieu of sentence, the Court of Common Pleas placed him on probation. [ECF No. 25, Ex. 1].

Petitioner was arrested again on May 13, 2003, and subsequently charged in an information filed in the Court of Common Pleas of Berks County at Criminal Docket No. 2963 of 2003 with one count of Criminal Homicide (18 Pa.C.S. § 2502); two counts each of Aggravated Assault (18 Pa.C.S. § 2702), Tampering With Physical Evidence (18 Pa.C.S. § 4910), and Simple Assault (18 Pa.C.S. § 2701); and one count each of Arson (18 Pa.C.S. § 3301); Risking Catastrophe (18 Pa.C.S. § 3302); Terroristic Threats (18 Pa.C.S. § 2706), Possession of Instrument Of Crime (18 Pa.C.S. § 907); Endangering Welfare Of Children (18 Pa.C.S. § 4304) and Recklessly Endangering Another Person (18 Pa.C.S. § 2705). On or about March 25, 2004, he entered a guilty plea to several of the counts, including

Criminal Attempt (Criminal Homicide), Arson, Terroristic Threats, and Possessing Instruments of Crime. [ECF No. 25, Exs. 2-5].

Pennsylvania's statutory sentence scheme is indeterminate. Commonwealth v. Yuhasz, 923 A.2d 1111, 1117 (Pa. 2007). This means that a court will impose a sentence with two numbers, the earliest time that the defendant will be eligible for discretionary parole release and the latest date upon which the defendant may be released from confinement or parole supervision. Id. at 1114-15, 1117-18 (citing 42 Pa.C.S. § 9756(a)). Pennsylvania's statutory scheme also is "guided," meaning that it "require[es] a judge to consider the guidelines by the Pennsylvania Commission of Sentencing in choosing a minimum sentence." Id. at 1118. Importantly, a court may impose a sentence outside the sentencing guidelines as long as it provides a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Id. (citing 42 Pa.C.S. § 9721(b)). Thus, "[i]t is well established that the Sentencing Guidelines are *purely advisory in nature*." Id. (emphasis added). "[D]espite the recommendations of the Sentencing Guidelines, 'the trial courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the Guidelines.'" Id. at 1118-19 (quoting Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002)). "The only line that a sentence may not cross is the statutory maximum sentence." Id. at 1119 (citing Mouzon, 812 A.2d at 621 n.4, and Commonwealth v. Saranchak, 675 A.2d 268, 277 n.17 (Pa. 1996)).

With respect to his convictions at Criminal Docket No. 2963 of 2003, the court sentenced Petitioner on or around March 25, 2004, to a term of 17-55 years' imprisonment. [ECF No. 25 at 3, and Exs. 2-5]. On May 13, 2004, he appeared before the court for a probation revocation hearing on his convictions at Criminal Docket No. 1414 of 2002. He was subsequently sentenced to an aggregate term of 1-5 years' imprisonment, to run consecutive to the sentences imposed at Criminal Docket No. 2963 of 2003. [ECF No. 25 at 3, and Exs. 1, 4].

3

Petitioner filed an appeal with the Superior Court of Pennsylvania, which was eventually dismissed. He also filed a PCRA petition, which also was dismissed. [ECF No. 25, Ex. 2].

On or around March 1, 2012, Petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 7]. He claims that his sentence is excessive in violation of his rights under the Eighth Amendment because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines. [ECF No. 7 at 2-3]. As a result, he claims, his sentence "lacked finality" and did not authorize his detention. He further claims that when the Pennsylvania Department of Corrections (the "DOC") took custody of him after his sentencing, it was aware that it did not have the authority to detain him. The DOC therefore contracted with "the Erie County Court of Common Pleas, its Executive/Council, its administrative contract jail Albion Warden, formerly and now Michael W. Harlow, and Records Supervisor Cheryl Gill to 'alter' cause of detainment record for express purpose to 'hold' [him] at Albion[.]" [ECF No. 7 at 3]. Petitioner also claims that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying sentence was "cancelled/terminated." [ECF No. 7 at 3-5]. As relief, Petitioner seeks an order from this Court directing that he be released from custody and that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. [ECF No. 7 at 1, 6].

Petitioner also has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he is making the same claims and pursuing the same relief that he seeks in this action. That case is docketed with this Court at Lindsey v. Erie County Court of Common Pleas, No. 1:12-cv-36 (W.D. Pa.).

The DOC and the Erie County Regional Contract Jail have filed an Answer [ECF No. 25] in which they submit that the petition should be dismissed with regard to them because it cannot be disputed that they are detaining Petitioner pursuant to the sentence imposed by the Court of Common

4

Pleas of Berks County, and that sentence has not been modified or vacated. The Erie County Court of Common Pleas has filed a motion to dismiss the claims against it and strike it from the caption [ECF No. 22] because, *inter alia*, it is not the proper respondent to this habeas action, to which Petitioner has filed a Response [ECF No. 26]. The Erie County District Attorney's Office has filed a motion to transfer the duties to file an Answer to the Berks County District Attorney's Office [ECF No. 19] because Petitioner's judgment of sentence was imposed by the Court of Common Pleas of Berks County. Petitioner objects to this request [ECF No. 24] and has filed a Reply to the Answer [ECF No. 28].[1]

### A. Discussion

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Petitioner's judgment of sentence is violative of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). See also Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010).

Petitioner named as Respondents in this habeas action the Erie County District Attorney's Office, the Erie County Court of Common Pleas, the Erie County Executive/Council, the Erie County Regional Contract Jail Albion, the Inmate General Welfare Fund, and the DOC. [ECF No. 7]. In a habeas case such as this, the proper respondent is the individual who has custody over the petitioner. See 28 U.S.C. § 2242 (the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). See also Rule 2(a) of the Rules Governing Section 2254 Cases In the

---

[1] Because Petitioner has failed to state a claim upon which habeas relief can be granted, the undersigned will, by separate order, dismiss as moot the Erie County District Attorney's motion.

5

United States District Court; LCvR 2254.B.1; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). In this case, that person is Michael Harlow, the Superintendent of SCI Albion, but Petitioner did not name him as a respondent in this action. As for the Respondents that Petitioner has named, they should be summarily dismissed from this action and the Erie County Court of Common Pleas' motion to dismiss the claims against it and strike it from the caption [ECF No. 22] should be granted.

It is not necessary to provide Petitioner with the opportunity to add Harlow as a Respondent to this case because it plainly appears that his allegations do not entitle him to relief in habeas. Petitioner claims that his sentence was excessive, but it does not exceed the maximum term set forth by statute. Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984) ("As a general rule, federal courts will not review state sentencing determinations that fall within the statutory limits."). Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, see, e.g., 3 Charles A. Wright, *et al.*, Federal Practice and Procedure: Crim. § 550, Constitutional Limits on the Sentencing Decision (4th ed. updated April 2012), this Court is without power to grant habeas relief.

To the extent that Petitioner is alleging that his sentence violates his Sixth Amendment rights as set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000) because the Court of Common Pleas purportedly imposed a term of imprisonment that exceeded the recommended range set forth by the Pennsylvania Sentencing Guidelines [ECF No. 7 at 2], that claim also would not entitle him to any habeas relief. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "[T]he relevant 'statutory

maximum,'" the Court clarified in Blakely v. Washington, 542 U.S. 296, 303-04 (2004), "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." (Emphasis in original).[2] There would be no merit to any argument made by Petitioner that his judgment of sentence violated his Sixth Amendment rights for the reasons explained by the Supreme Court of Pennsylvania in Yuhasz, in which it rejected a defendant's claim that his sentence ran afoul of the rule announced in Apprendi and its progeny, Blakely and United States v. Booker, 543 U.S. 220 (2005):

> As it is evident that Pennsylvania's Sentencing Guidelines are merely advisory, the United States Supreme Court's holding in Booker makes clear that they do not violate the Sixth Amendment. The Court in Booker explained, "[i]f the guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." 543 U.S. at 233, 125 S.Ct. 738. Pennsylvania's Guidelines do just that. They set forth a series of recommendations that based on the type of crime, the defendant's criminal history, and the existence of any aggravating or mitigating factors, suggest a range of minimum sentences. *As the range is merely a suggestion, it avoids the constitutional problems encountered by the sentencing schemes reviewed in Booker and Blakely. Thus, the maximum sentence for Apprendi purposes is the statutory maximum, not the maximum recommendation of the Sentencing Guidelines. Because the statutory maximum is the polestar for Sixth Amendment purposes, a judge may impose a sentence outside the Guidelines without unconstitutionally increasing the punishment for a crime based on judicially-determined facts as long as the maximum sentence imposed does not exceed the statutory limit.*
>
> As Appellant in this case was sentenced within the statutory maximum sentence provided by 18 Pa.C.S. § 106(b)(3), the fact that the trial court considered material not admitted in Appellant's plea in departing from the sentencing guidelines is constitutionally irrelevant. Thus, the judgment of sentence is affirmed.

Yuhasz, 923 A.2d at 1119 (footnote omitted) (emphasis added). See also Cunningham v. California, 549 U.S. 270, 291-92 (2007) (quoting Booker and stating that "'[M]erely advisory provisions,'

---

[2] Under the Washington guidelines at issue in Blakely, the judge was *required* to impose a sentence within the prescribed range unless there were substantial and compelling reasons to depart therefrom. Thus, the Supreme Court held that the relevant statutory maximum under the Washington guidelines for Sixth Amendment purposes was maximum sentence prescribed by the sentencing guidelines. Blakely, 542 U.S. at 303-04.

recommending but not requiring 'the selection of particular sentences in response to differing sets of facts,' all Members of the Court agreed, 'would not implicate the Sixth Amendment.'").

Petitioner also claims that because his judgment of sentence was invalid, the DOC understood that it did not have the authority to detain him and colluded with the other respondents to "alter" the cause of his detainment. He further argues that when the DOC temporarily transferred him to a prison in Muskegon County, his purportedly invalid sentence was "canceled/terminated" and, therefore, his present confinement is unconstitutional. [ECF No. 7 at 3-5]. These arguments do not support a valid claim for habeas relief either because they are based upon the premise that the sentence imposed by the Court of Common Pleas was invalid because it was excessive. Because he is not entitled to habeas relief on his claim that his sentence was excessive, this dependent claim that his current confinement is unconstitutional likewise must be dismissed.

Petitioner also seeks an order from this Court directing that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. Because money damages are not available in a habeas corpus action, this request must be dismissed as well. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

Finally, Petitioner repeatedly claims that his current confinement is unconstitutional. As for these conclusory allegations, the Supreme Court held, in Mayle v. Felix, 545 U.S. 644, 649 (2005), that specificity is required in a habeas petition:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules

8

> Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Quoting the Advisory Committee's Note on Rule 4 of the Rules Governing Section 2254 Cases, the Supreme Court observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error*." Id. at 656 (emphasis added). Merely asserting legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.

### B. Certificate of Appealability

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, it is recommended that no certificate of appealability should issue.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 7] be summarily dismissed and that a certificate of appealability be denied. It is further recommended that the Erie County Court of Common Pleas' motion to dismiss and strike [ECF No. 22] be granted.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                    /s/ Susan Paradise Baxter
                    SUSAN PARADISE BAXTER
                    United States Magistrate Judge

Dated: September 5, 2012

cc:     Maurice B. Cohill
       Senior United States District Judge