IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRVIN DANIEL LINDSEY, ) | |
| Petitioner, ) | Civil Action No. 12-64 Erie |
| ) | |
| v. ) | Senior District Judge Maurice B. Cohill |
| ) | Magistrate Judge Susan Paradise Baxter |
| DISTRICT ATTORENY'S OFFICE ) | |
| OF ERIE COUNTY, et al., ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

This habeas action filed by Petitioner, Irvin Daniel Lindsey, pursuant to 28 U.S.C. § 2254 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. On September 5, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") [ECF No. 29] in which she recommended that the petition be denied with respect to each of Petitioner's claims and that a certificate of appealability ("COA") be denied. Furthermore, the Magistrate Judge recommended that the Erie County Court of Common Pleas' motion to dismiss and strike [ECF No. 22] be granted. Petitioner filed Objections [ECF Nos. 30 and 31] to the R&R.

On October 3, 2012, Senior District Judge Maurice B. Cohill, Jr. adopted, as the Opinion of the Court, Magistrate Judge Baxter's Report and Recommendation and denied the Certificate of Appealability. Judge Cohill further denied Petitioner's Writ of Habeas Corpus and granted Erie County Court of Common Pleas' Motion to Dismiss [ECF No. 32]. In response, Petitioner

has now filed a Motion for Reconsideration requesting the Court present the reasons for granting the Motion to Dismiss and adopting the R&R [ECF No. 33].

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed.R.Civ.P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)). Reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F.Supp.2d 502, 504 (M.D.Pa.1999).

Also, "[r]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., 2006 WL 529044, *2 (M.D. Pa.). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."

Petitioner's Motion for Reconsideration neither attempts to correct errors of law or fact nor does it present new evidence for consideration. Assuming, Petitioner's Motion is appropriate, which it is not, Petitioner requests the Court to provide its reasons for its decision. The Court presented its reasons for its decision when it adopted the R&R as the Opinion of the

Court effectively providing the same reasoning as the reasoning provided by Judge Baxter in the R&R. Petitioner's Motion is neither appropriate nor adequate in this case.

IT IS ORDERED that Petitioner's Motion for Reconsideration is DENIED.

Dated: 10/15/2012

*Maurice B. Cohill, Jr.*
Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania